UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HUDSON B. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:12CV77 LMB |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner, a prisoner, seeks a writ of mandamus ordering respondent to pay him for lost benefits and to compensate him for time spent imprisoned. The Court will summarily dismiss the petition.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. See also In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (holding that the PLRA applies to mandamus actions that are civil in nature). If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account

for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his petition. A review of petitioner's account indicates an average monthly deposit of $74.74, and an average monthly balance of $64.04. Petitioner has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.95, which is 20 percent of petitioner's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a petition filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the

named respondents and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A petition fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Petition

Petitioner claims that he was unlawfully denied Social Security benefits for nine months in 1991, because the Social Security Administration cut off his payments when he was accused of a crime but had not yet been convicted. Petitioner says that he was unable to afford to hire counsel as a result, and he claims he was denied effective assistance of counsel because the public defender was incompetent. Petitioner was convicted, and he argues that his current imprisonment is therefore unlawful. He seeks compensation for unpaid benefits and for time spent "illegally" imprisoned.

## Discussion

Title 28 U.S.C. § 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "In order for mandamus to lie the 'duty owed to the plaintiff' must be ministerial and

a positive command so plainly prescribed as to be free from doubt." <u>Keeny v. Secretary of Army</u>, 437 F.2d 1151, 1152 (8th Cir. 1971). Mandamus is an extraordinary remedy and "should be resorted to only in extreme cases . . ." <u>La Buy v. Howes Leather Co.</u>, 352 U.S. 249, 257-58 (1957). "The writ should be used . . . only in the exceptional case where there is a clear abuse of discretion or usurpation of judicial power . . ." <u>In re Broth. of Ry., Airline and S.S. Clerks, Freight Handlers and Exp. and Station Employees</u>, 605 F.2d 1073, 1075 (8th Cir. 1979).

Nothing about this case is extraordinary. This is merely one of the several types of frivolous actions prisoners file to harass the government. Moreover, petitioner has failed to cite any statute or provision of the Constitution showing he is entitled to relief. Finally, state prisoners may not attack the legality of their sentences through a petition for writ of mandamus or an action under the laws governing Social Security benefits. Such relief is only available under 28 U.S.C. § 2254. As a result, the Court finds this action to be both frivolous and malicious.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner shall pay an initial filing fee of $14.95 within thirty (30) days of the date of this Order. Petitioner is instructed to

make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition because the petition is frivolous and malicious.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of May, 2012.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE